UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ADRIAN HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 4:11-cv-00033-SEB-WGH |
| KENNETH HAAS, ) | |
| CLARK COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTIONS TO DISMISS AND DEFENDANT
CLARK COUNTY SHERIFF'S DEPARTMENT'S MOTION TO STAY**

Before the Court are Motions to Dismiss by Defendants Kenneth Haas ("Haas") [Docket No. 36] and Clark County Sheriff's Department ("CCSD") [Docket No. 38] and a Motion to Stay by CCSD. [Docket No. 40]. These motions are fully briefed, and the Court, being duly advised, now **GRANTS** CCSD's motion to stay and **DENIES** Haas and CCSD's motions to dismiss.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff, Adrian Hughes ("Hughes"), is an employee of Louisville Metro Department of Corrections ("Metro Corrections"). Pl's Am. Compl. ¶ 10. On or about March 20, 2009, he participated in a Metro Corrections in-service training at CCSD's

---

[1] Haas and CCSD have both moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, the Court accepts the facts outlined in Hughes's amended complaint as true. *See, e.g., Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005) (internal quotation omitted).

training facility. *Id*. ¶ 10-11.  Haas, during a role-play scenario, "discharged [a] weapon while in close proximity to [Hughes's] ear."  *Id*. ¶ 18.  Neither CCSD nor Haas provided Hughes with proper safety equipment nor did either provide any instruction regarding the use of such equipment.  *Id*.  As a result, Hughes has suffered permanent loss of hearing and vertigo along with other permanent and irreparable harm.  *Id*. ¶ 31.  Hughes filed a workers' compensation claim and was paid benefits.  CCSD's Motion to Stay Ex. A ¶14.

On October 28, 2009, Hughes sued CCSD and Haas in Jefferson Circuit Court (Kentucky) —Haas for negligence and CCSD for negligence, premises liability, and breach of contract.  On March 17, 2011, he filed a nearly identical[2] complaint against Haas and CCSD in our court.  [Docket No. 1].  On March 27, 2012, the Jefferson Circuit Court granted CCSD's motion to dismiss for lack of personal jurisdiction and also granted Haas's motion for summary judgment.  Specifically, that court held that Haas, as a Metro Corrections employee, was shielded from individual liability under Kentucky's workers' compensation law.  Ky. Rev. Stat. § 342.690.   The Kentucky court further held that "it would be impossible for a reasonable jury to conclude that Mr. Haas was acting on behalf of CCSD when he was training Metro Corrections officers."

Hughes filed a notice of appeal with the Kentucky Court of Appeals on April 19, 2012.  While the appeal was pending, both Haas and CCSD filed motions to dismiss in the case before us claiming the Kentucky trial court's order was a final judgment.  Haas claims Hughes is barred by *res judicata* from relitigating his claim against him in this

---

[2] Hughes also sued Underwriters Safety & Claims ("Underwriters"), Metro Corrections' workers' compensation insurance carrier, in the Kentucky lawsuit.  CCSD Ex. A at 1.  Underwriters is not a party in the present lawsuit.

Court. CCSD argues, in part, that collateral estoppel (claim preclusion) prevents Hughes from arguing here that Haas was acting as CCSD's agent. CCSD has now filed a motion to stay these proceedings pending a decision by the Kentucky Court of Appeals on Hughes's appeal.

## II.  APPLICABLE LAW

### A. *Colorado River* abstention[3]

In *Colo. River Conservation Dist. v. United States*, the Supreme Court held that the issuance of a stay of a proceeding in federal court during a pendency of a similar matter in state court is an "extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." 424 U.S. 800, 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (internal quotation omitted). However, the High Court affirmed that a district court is empowered to abstain by postponing its exercise of jurisdiction to advance "considerations of 'wise judicial administration'" thereby allowing the full adjudication of a matter in state court while conserving judicial resources and aiding in the comprehensive disposition of the litigation. *Id.* at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S. Ct. 219, 96 L. Ed. 200 (1952)).

In determining whether a case fits within this narrow scope of the abstention doctrine, the Seventh Circuit applies a two-step test. First, the Court must determine whether the state and federal cases are parallel actions. Cases are considered parallel actions if "the same parties are contemporaneously litigating substantially the same issues

---

[3] Both Hughes and CCSD discussed CCSD's motion to stay under *Colorado River*. Pl's Motion to Stay Resp. at 2, CCSD's Motion to Stay Rep. at 1. The Court therefore addresses the motion under *Colorado River* before discussing other grounds for declining to exercise its jurisdiction.

in another forum," *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (internal quotation omitted), and there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Id.* (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985)). Second, if the actions are parallel, a court must weigh several additional factors to determine whether "wise judicial administration," *Colo. River*, 424 U.S. at 817, permits the Court to decline to exercise its jurisdiction before the state case achieves final resolution. *See Clark*, 376 F.3d at 685.

If abstention pursuant to *Colorado River* is deemed appropriate during the pendency of state litigation, usually the preferred action is to stay the entire case, rather than enter a dismissal or exercise partial jurisdiction over non-overlapping claims. *LaDuke v. Burlington Northern R. Co.*, 879 F.2d 1556, 1561-62 (7th Cir. 1989); *see also Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744 (7th Cir. 2006); *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1308 (7th Cir. 1988).

### B. Other grounds for abstention

That said, the *Colorado River* doctrine does not entail an application of a "mechanical checklist" in deciding whether to abstain. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983). The underlying rationale for abstention on non-*Colorado River* grounds mirrors that for *Colorado River* abstention, in other words to "prevent duplication of judicial effort in two separate court systems and to confine the litigation to the forum able to make the most comprehensive disposition." *Calvert Fire Ins. Co. v. Am. Mut. Reins. Co.,* 600 F.2d 1228, 1233 (7th Cir. 1979). Among the factors considered by a court are the "relative

progress of the parallel actions and the presence of extensive rights governed by state law." *Telecomm. of Ind., Inc. v. Westel Svc. Corp.*, 663 F. Supp. 881, 884 (N.D. Ind. 1987) (citing *Moses H. Cone*, 460 U.S. at 16). While there is a strong presumption in favor of exercising jurisdiction, a district court has discretion to determine whether to decline to exercise jurisdiction when there is a pending state action. The court is neither barred from exercising such jurisdiction nor is it compelled to do so. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662-63, 98 S. Ct. 2252, 57 L. Ed. 2d 504 (1978) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942); *McClellan v. Carland*, 217 U.S. 268, 30 S. Ct. 501, 54 L. Ed. 762 (1910)).

### III. ANALYSIS

It is clear in the case before us that the underlying facts and causes of action arising therefrom are identical in both the state and federal actions. In addition, the parties are the same, with the exception of Underwriters, which has been omitted from the federal complaint. Pl's Am. Compl.; CCSD's Motion to Stay Ex. A. Thus, the exact same issues are being litigated contemporaneously in Kentucky and here. *Clark*, 376 F.3d at 686. If the Kentucky Court of Appeals affirms the trial court's findings to hold that Haas was shielded from individual liability under the state's workers' compensation law and was not acting as CCSD's agent at the time of the injury, Haas is entitled to assert a *res judicata* defense in this action before us. Such a decision by the Kentucky appellate court would also likely bar Hughes from arguing that CCSD has *respondeat superior* liability.

However, Hughes correctly notes that the Kentucky trial court dismissed his case against CCSD for lack of personal jurisdiction, so no adjudication of the merits of that case has yet occurred. Pl's Resp. at 2. Hughes has sued CCSD on claims of negligence, premises liability, and breach of contract, which theories are separate from those asserted against Haas, even in his capacity as CCSD's agent. If the Kentucky Court of Appeals were to affirm the trial court's decision without Hughes's claim against CCSD being fully resolved, the federal and state claims would not qualify as parallel actions, making abstention under *Colorado River* inappropriate.

Whether a stay should enter on non-*Colorado River* grounds poses a separate question. As previously noted, the state and federal court claims against Haas are identical and the Kentucky trial court's summary judgment disposed of Hughes's entire complaint against Haas. CCSD's Motion to Stay Ex. B at 6-7. Thus, we can foresee a risk of inconsistent and piecemeal rulings on dispositive issues if both cases were to proceed to a final determination. For example, if we were to exercise jurisdiction and find Haas individually liable, that holding would clearly conflict with the decision by the Kentucky Court of Appeals shielding Haas from liability. Moreover, we note that the claims in both cases are based on Kentucky law, not federal, and the Kentucky claim was filed approximately five months prior to the docketing of our case. Thus, we conclude that CCSD's motion to stay our case is well-taken and, accordingly, we shall stay Hughes's claim against Haas and **deny** Haas's motion to dismiss.

Regarding the negligence claim against CCSD as framed in Count I, Hughes claims that CCSD "failed to exercise reasonable care in the operation, maintenance, and

inspection of its premises, including, but not limited to, the use of a weapon indoors. . . ." Pl's Am. Compl. ¶ 21.  In his second count for premises liability, Hughes accuses CCSD of breaching its duty to keep the training facility in reasonably safe condition, *id*. ¶¶ 24-25, alleging that "such negligence was a proximate cause of the Plaintiff's injuries." *Id*. ¶ 26.  Count III asserts Hughes's breach of contract claim against CCSD relating to its contract with Metro Corrections (and Hughes) "by failing to provide for the reasonably safe use and . . . condition of its Training Facility," *id*. ¶ 29, claiming that "Plaintiff, as a third party beneficiary, incurred damages." *Id*. ¶ 30.  In each of these three counts, Hughes also sues Haas as the agent of CCSD.  *Id*. ¶¶ 21, 23-27, 29.

In seeking to stay the case, CCSD maintains that holding our case in abeyance "will avoid the possibility of inconsistent judgments rendered by this Court and Kentucky Court of Appeals based on the Kentucky agency issues involved in the case."  We agree.  If the Kentucky trial court's decision is upheld, Hughes will be barred by collateral estoppel from relitigating the agency issue—a decision that would likely be dispositive of Hughes's claims against CCSD to the extent they are based on *respondeat superior*.  As with Hughes's claims against Haas, in order to avoid conflicting decisions between the Kentucky Court of Appeals and this court, we regard it as prudent to stay a resolution of Hughes's claim against CCSD as well, pending final resolution of the Kentucky state case.  We therefore **grant** CCSD's motion to stay, and we **deny** CCSD's motion to dismiss.

**IV.   CONCLUSION**

For the foregoing reasons, CCSD's Motion to Stay pending the outcome of the Kentucky state case is **GRANTED**. CCSD and Haas's Motions to Dismiss are both **DENIED**. An order administratively closing this case on our docket will now enter, with leave to either party to move to reopen the case on our docket should the ensuing actions by the Kentucky courts warrant.

**IT IS SO ORDERED.**

Date: 02/21/2013

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kyle David Kaiman
HARGADON LENIHAN & HERRINGTON PLLC
kaiman@hlhinjury.com

Christopher H. Morris
HARGADON, LENIHAN, & HERRINGTON PLLC
morris@hlhinjury.com

Burrell Frank Radmacher, III
JEFFERSON COUNTY ATTORNEY'S OFFICE
frank.radmacher@louisvilleky.gov

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com